## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHELLE WYCKOFF,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC and TRANS UNION
LLC,

     Defendant.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY DEMAND

COMES NOW Plaintiff, MICHELLE WYCKOFF (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Brevard County, Florida; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

16.     Plaintiff had an account with Lens Crafters/Synchrony Bank, and it was subsequently used in June of 2021 to purchase eyewear.

17.     Plaintiff made timely monthly payments to the Lens Crafters/Synchrony Bank credit card until the balance was paid leaving a zero balance on or about January 4, 2022.

18.     Additionally, Plaintiff also contacted Synchrony Bank and spoke with a representative who confirmed the Lens Crafters/Synchrony Bank credit card, had a zero balance.

19.     Shortly thereafter, Plaintiff began to receive notices from Synchrony Bank regarding a balance owed for a different Lens Crafters/Synchrony Bank credit card, partial account no. x2253.

20.     Plaintiff never applied or gave permission to anyone to apply using her information for new Lens Crafters/Synchrony Bank credit card, partial account no. x2253.

21.     On or about July 18, 2023, Plaintiff obtained a copy of her Equifax and Trans Union credit reports and observed that the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was being reported with a status of charge off and a balance of $379.

22.     In response to the inaccurate reporting, on or about July 25, 2023, Plaintiff mailed a detailed written dispute letter to Equifax and Trans Union. Plaintiff explained that the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was not hers and was not authorized by her. To confirm her identity, Plaintiff included a copy of her driver's license in the letter. Further, the letter included copies of the merchandise receipts for the purchases from Lens Crafters and images from her credit report of the erroneous reporting.

23.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0660 0487 77) and Trans Union (9589 0710 5270 0660 0487 53).

24.     On or about August 17, 2023, Trans Union responded to Plaintiff's detailed dispute letter by stating the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was verified as accurate.

25.     Despite providing Trans Union with all the relevant information needed to prove the aforementioned Lens Crafters/Synchrony Bank account was fraudulent, Trans Union continued to report the inaccurate account.

26.     Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

27.     Despite confirmation of delivery on July 28, 2023, Plaintiff did not receive dispute results in the mail from Equifax.

28.     On or about August 29, 2023, Plaintiff obtained updated copies of her Equifax and Trans Union credit reports. Upon review, Plaintiff observed the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, continued to be reported with a status of charge off and a balance of $379.

29.     On or about October 4, 2023, Plaintiff again obtained updated copies of her Equifax and Trans Union credit reports. Upon review, Plaintiff observed the Lens

Crafters/Synchrony Bank credit card, partial account no. x2253, continued to be reported with a status of closed/charge off and a balance of $379.

30.    In response to the continued inaccurate reporting, on or about December 8, 2023, Plaintiff again mailed a detailed written dispute letter to Equifax and Trans Union. Plaintiff reiterated that the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was not hers and was not authorized by her. To confirm her identity, Plaintiff included a copy of her driver's license in the letter. Further, the letter included copies of the merchandise receipts for the purchases from Lens Crafters and images from her credit report of the erroneous reporting.

31.    On or about January 9, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was verified as accurate.

32.    Despite providing Equifax with all the relevant information needed to prove the aforementioned Lens Crafters/Synchrony Bank account was fraudulent, Equifax continued to report the inaccurate account.

33.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

34.    On or about January 11, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Lens Crafters/Synchrony Bank credit card, partial account no. x2253, was verified as accurate.

35.     Despite providing Trans Union with all the relevant information needed to prove the aforementioned Lens Crafters/Synchrony Bank account was fraudulent, Trans Union continued to report the inaccurate account.

36.     Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

37.     To Plaintiff's knowledge, as of the date of this Complaint, Defendants still list the erroneous Lens Crafters/Synchrony Bank credit card, partial account no. x2253, that does not belong to Plaintiff, and accordingly, Plaintiff's damages are on-going.

38.     Defendants have never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of this Complaint with Defendants' refusal to conduct a meaningful investigation into her dispute as it is required to by law.

39.     As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to her credit score.

40.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.   Loss of the ability to benefit from lower interest rates; and

v.   Apprehensiveness to apply for an auto loan or lines of credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of the 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

41.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

44.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

45.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## <u>COUNT II</u>
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

48.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

51.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

52.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

53.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

54.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud and inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

57.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

58.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

59.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

60.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

61.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud and inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

63.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damage and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual or statutory damage and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of the 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

66.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

68.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

72.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

74.    As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
## Violation of the 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

77.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

78.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

79.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud and inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

80.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

81.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

82.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

83.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

84.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

85.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud and inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

86.     As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, reduction in credit score; loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damage and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, respectfully requests that this Court award actual or statutory damage and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHELLE WYCKOFF, demands judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC, attorneys' fees, and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of February 2024.

Respectfully submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066

The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*